UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

CYMEYON V. HILL,
        Plaintiff,

v.

NURSE BRIDGETT,
        Defendant.

Case No. 24-cv-03091-YGR (PR)

**ORDER OF PARTIAL DISMISSAL AND SERVICE**

### I. INTRODUCTION

Plaintiff, a civil detainee currently being held in custody at Napa State Hospital ("NSH"), filed a *pro se* civil rights complaint pursuant to 42 U.S.C. § 1983. Venue is proper because the events giving rise to the claim is alleged to have occurred in NSH, which is located in this judicial district. *See* 28 U.S.C. § 1391(b). Plaintiff's motion for leave to proceed *in forma pauperis* will be granted in a separate order.

Plaintiff has named Nurse Bridgett at NSH as the only defendant in this matter. Dkt. 1 at 1.[1] Plaintiff seeks monetary damages. *Id.* at 3.

### II. DISCUSSION

#### A. Standard of Review

A federal court must conduct a preliminary screening in any case in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). In its review, the court must identify any cognizable claims and dismiss any claims that are frivolous, malicious, fail to state a claim upon which relief may be granted or seek monetary relief from a defendant who is immune from such relief. *Id.* § 1915A(b)(1), (2). *Pro se* pleadings must be liberally construed. *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1988).

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two essential elements:

---

[1] Page number citations refer to those assigned by the Court's electronic case management filing system and not those assigned by plaintiff.

(1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged violation was committed by a person acting under the color of state law. *West v. Atkins,* 487 U.S. 42, 48 (1988).

### B. Legal Claims

Plaintiff, who was civilly committed in 1997 following a plea of not guilty by reason of insanity, alleges the following took place on May 14, 2024. Dkt. 1 at 3. He claims that while he was in the Unit T8 dining room, defendant told plaintiff that "she was going to make sure plaintiff would suffer today and she was going to punish [him] for filing lawsuits." *Id.* Plaintiff claims that "defendant then started laughing and told the kitchen staff don[']t feed [plaintiff] . . . [and] plaintiff was then refused to be fed by [the] kitchen staff . . . [and] defendant Bridgett then told plaintiff you have another punishment." *Id.*

To state a claim for First Amendment retaliation against a government official, a plaintiff must demonstrate that (1) he engaged in constitutionally protected activity; (2) as a result, he was subjected to adverse action by the defendant that would chill a person of ordinary firmness from continuing to engage in the protected activity; and (3) there was a substantial causal relationship between the constitutionally protected activity and the adverse action. *Mulligan v. Nichols*, 835 F.3d 983, 988 (9th Cir. 2016). Plaintiff has stated a cognizable First Amendment retaliation claim against defendant.

To the extent that plaintiff's complaint states a claim against defendant of verbal harassment and threats, such a claim is DISMISSED. *See Freeman v. Arpaio*, 125 F.3d 732, 738 (9th Cir. 1997) (Allegations of verbal harassment and abuse fail to state a claim cognizable under 42 U.S.C. § 1983.); *see also Gaut v. Sunn*, 810 F.2d 923, 925 (9th Cir. 1987) (mere threat does not constitute constitutional wrong, nor do allegations that naked threat was for purpose of denying access to courts compel contrary result).

### III. CONCLUSION

For the foregoing reasons, the Court orders as follows:

1. Plaintiff has stated a cognizable First Amendment retaliation claim against defendant.

1  2. Plaintiff's claim against defendant of verbal harassment and threats is
2  DISMISSED.
3  3. The Clerk of the Court shall mail a Notice of Lawsuit and Request for Waiver of
4  Service of Summons, two copies of the Waiver of Service of Summons, a copy of the complaint
5  and all attachments thereto (dkt. 1), and a copy of this Order to **Nurse Bridgett at Napa State**
6  **Hospital, ATTN: Litigation Coordinator, 2100 Napa Vallejo Hwy, Napa, CA 94558.** The
7  Clerk also shall mail a copy of the complaint and a copy of this Order to the State Attorney
8  General's Office in San Francisco. Additionally, the Clerk shall mail a copy of this Order to
9  plaintiff.
10  4. Defendant is cautioned that Rule 4 of the Federal Rules of Civil Procedure requires
11  defendant to cooperate in saving unnecessary costs of service of the summons and complaint.
12  Pursuant to Rule 4, if defendant, after being notified of this action and asked by the Court, on
13  behalf of plaintiff, to waive service of the summons, fails to do so, defendant will be required to
14  bear the cost of such service unless good cause be shown for the failure to sign and return the
15  waiver form. If service is waived, this action will proceed as if defendant had been served on the
16  date that the waiver is filed, except that pursuant to Rule 12(a)(1)(B), defendant will not be
17  required to serve and file an answer before **sixty (60) days** from the date on which the request for
18  waiver was sent. (This allows a longer time to respond than would be required if formal service of
19  summons is necessary.) Defendant is asked to read the statement set forth at the foot of the waiver
20  form that more completely describes the duties of the parties with regard to waiver of service of
21  the summons. If service is waived after the date provided in the Notice but before defendant
22  personally has been served, the Answer shall be due **sixty (60) days** from the date on which the
23  request for waiver was sent or **twenty (20) days** from the date the waiver form is filed, whichever
24  is later.
25  5. Defendant shall answer the complaint in accordance with the Federal Rules of Civil
26  Procedure. The following briefing schedule shall govern dispositive motions in this action:
27  a. No later than **sixty (60) days** from the date their answer is due, defendant
28  shall file a motion for summary judgment or other dispositive motion. The motion must be

3

1  supported by adequate factual documentation, must conform in all respects to Federal Rule of
2  Civil Procedure 56, and must include as exhibits all records and incident reports stemming from
3  the events at issue. A motion for summary judgment also must be accompanied by a *Rand*[2] notice
4  so that plaintiff will have fair, timely and adequate notice of what is required of him in order to
5  oppose the motion. *Woods v. Carey*, 684 F.3d 934, 935 (9th Cir. 2012) (notice requirement set out
6  in *Rand* must be served concurrently with motion for summary judgment). A motion to dismiss
7  for failure to exhaust available administrative remedies must be accompanied by a similar notice.
8  However, the Court notes that under the new law of the circuit, in the rare event that a failure to
9  exhaust is clear on the face of the complaint, defendant may move for dismissal under Rule
10 12(b)(6) as opposed to the previous practice of moving under an unenumerated Rule 12(b) motion.
11 *Albino v. Baca*, 747 F.3d 1162, 1166 (9th Cir. 2014) (overruling *Wyatt v. Terhune*, 315 F.3d 1108,
12 1119 (9th Cir. 2003), which held that failure to exhaust available administrative remedies under
13 the Prison Litigation Reform Act, 42 U.S.C. § 1997e(a), should be raised by a defendant as an
14 unenumerated Rule 12(b) motion). Otherwise if a failure to exhaust is not clear on the face of the
15 complaint, defendant must produce evidence proving failure to exhaust in a motion for summary
16 judgment under Rule 56. *Id.* If undisputed evidence viewed in the light most favorable to plaintiff
17 shows a failure to exhaust, defendant is entitled to summary judgment under Rule 56. *Id.* But if
18 material facts are disputed, summary judgment should be denied and the district judge rather than
19 a jury should determine the facts in a preliminary proceeding. *Id.* at 1168.

20     If defendant is of the opinion that this case cannot be resolved by summary judgment,
21 defendant shall so inform the Court prior to the date the summary judgment motion is due. All
22 papers filed with the Court shall be promptly served on plaintiff.

23     b.    Plaintiff's opposition to the dispositive motion shall be filed with the Court
24 and served on defendant no later than **twenty-eight (28) days** after the date on which defendant's
25 motion is filed.

26     c.    Plaintiff is advised that a motion for summary judgment under Rule 56 of

---

[2] *Rand v. Rowland*, 154 F.3d 952 (9th Cir. 1998).

United States District Court
Northern District of California

the Federal Rules of Civil Procedure will, if granted, end your case. Rule 56 tells you what you must do in order to oppose a motion for summary judgment. Generally, summary judgment must be granted when there is no genuine issue of material fact—that is, if there is no real dispute about any fact that would affect the result of your case, the party who asked for summary judgment is entitled to judgment as a matter of law, which will end your case. When a party you are suing makes a motion for summary judgment that is properly supported by declarations (or other sworn testimony), you cannot simply rely on what your complaint says. Instead, you must set out specific facts in declarations, depositions, answers to interrogatories, or authenticated documents, as provided in Rule 56(c), that contradicts the facts shown in the defendant's declarations and documents and show that there is a genuine issue of material fact for trial. If you do not submit your own evidence in opposition, summary judgment, if appropriate, may be entered against you. If summary judgment is granted, your case will be dismissed and there will be no trial. *Rand*, 154 F.3d at 962-63.

Plaintiff also is advised that—in the rare event that defendant argues that the failure to exhaust is clear on the face of the complaint—a motion to dismiss for failure to exhaust available administrative remedies under 42 U.S.C. § 1997e(a) will, if granted, end your case, albeit without prejudice. To avoid dismissal, you have the right to present any evidence to show that you did exhaust your available administrative remedies before coming to federal court. Such evidence may include: (1) declarations, which are statements signed under penalty of perjury by you or others who have personal knowledge of relevant matters; (2) authenticated documents—documents accompanied by a declaration showing where they came from and why they are authentic, or other sworn papers such as answers to interrogatories or depositions; (3) statements in your complaint insofar as they were made under penalty of perjury and they show that you have personal knowledge of the matters state therein. As mentioned above, in considering a motion to dismiss for failure to exhaust under Rule 12(b)(6) or failure to exhaust in a summary judgment motion under Rule 56, the district judge may hold a preliminary proceeding and decide disputed issues of fact with regard to this portion of the case. *Albino*, 747 F.3d at 1168.

(The notices above do not excuse defendant's obligation to serve similar notices again

concurrently with motions to dismiss for failure to exhaust available administrative remedies and motions for summary judgment. *Woods*, 684 F.3d at 935.)

        d.    Defendant shall file a reply brief no later than **fourteen (14) days** after the date plaintiff's opposition is filed.

        e.    The motion shall be deemed submitted as of the date the reply brief is due. No hearing will be held on the motion unless the Court so orders at a later date.

6.    Discovery may be taken in this action in accordance with the Federal Rules of Civil Procedure. Leave of the Court pursuant to Rule 30(a)(2) is hereby granted to defendant to depose plaintiff and any other necessary witnesses confined in prison.

7.    All communications by plaintiff with the Court must be served on defendant or defendant's counsel, once counsel has been designated, by mailing a true copy of the document to them.

8.    It is plaintiff's responsibility to prosecute this case. Plaintiff must keep the Court informed of any change of address and must comply with the Court's orders in a timely fashion. Pursuant to Northern District Local Rule 3-11, a party proceeding *pro se* whose address changes while an action is pending must promptly file a notice of change of address specifying the new address. *See* L.R. 3-11(a). The Court may dismiss without prejudice a complaint when: (1) mail directed to the *pro se* party by the Court has been returned to the Court as not deliverable, and (2) the Court fails to receive within sixty days of this return a written communication from the *pro se* party indicating a current address. *See* L.R. 3-11(b).

9.    Upon a showing of good cause, requests for a reasonable extension of time will be granted provided they are filed on or before the deadline they seek to extend.

IT IS SO ORDERED.

Dated: October 9, 2024

_____
JUDGE YVONNE GONZALEZ ROGERS
United States District Judge